UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL AARON SILBERMONN, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:20-891 |
| v. | : | (JUDGE MANNION) |
| RICK (REX) SAVARINO, *et al.*, | : | |
| Defendants | : | |

# ORDER

Presently before the court is the Report and Recommendation ("Report") of Magistrate Judge Susan E. Schwab. (Doc. 13). In it, Judge Schwab recommends dismissal of this case. No objections to the Report have been filed.

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

The plaintiff Joel Aaron Silbermonn initiated this *Bivens* action on June 2, 2020, (Doc. 1), and shortly thereafter filed an Amended Complaint, (Doc. 3). Although Silbermonn initially moved to proceed *in forma pauperis*, he then paid the filing fee. The court ordered Silbermonn to serve his Amended Complaint on the defendants. (Doc. 6). However, Silbermonn failed to do so. He additionally failed to respond to the court's order to show cause by January 4, 2021, as to why he failed to serve the defendants with process and as to why his case should not be dismissed.

The court received a notice of change of address on December 28, 2020, (Doc. 9), as well as a handwritten document from Silbermonn through which he purports to certify service to the defendants "via the prison mailbox rule," (Doc. 10). The court's first order to show cause was subsequently returned as undeliverable. (Doc. 11).

On January 26, 2021, the court issued another order to show cause again directing Silbermonn to show cause by February 8, 2021, as to why he failed to serve the defendants with process and why the case should not be dismissed. (Doc. 12). To date, Silbermonn has failed to adhere to the court's orders to show cause and a significant amount of time has elapsed since his

response was due. Thus, the Report observes that it appears Silbermonn has abandoned this action.

After conducting an analysis of the requisite *Poulis* factors, Judge Schwab concludes that all weigh heavily in favor of dismissal and, accordingly, she recommends dismissal of the action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Having conducted a thorough review of all pertinent filings, the court finds the Report of Judge Schwab to be well-reasoned and well-supported. As such, the court will adopt the Report in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** Judge Schwab's Report, (Doc. 13), is **ADOPTED IN ITS ENTIRETY**;

**(2)** Silbermonn's Amended Complaint, (Doc. 3), is **DISMISSED**; and

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

DATE: April 30, 2021
20-0891-01